# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| MICHAEL HARRIS | : | No. 18-315-1 |

## MEMORANDUM

PRATTER, J.                                                                                                                 FEBRUARY 11, 2021

### BACKGROUND

Michael Harris is the lead defendant in a 163-count Superseding Indictment for his participation in the Hilltop Drug Trafficking Group (DTG). Mr. Harris and his co-conspirators allegedly sold narcotics in West Philadelphia and Upper Darby, Pennsylvania from 2013 until July 2018. The DTG is allegedly responsible for multiple heroin-related deaths, including one overdose death from heroin that Mr. Harris himself distributed.

Mr. Harris was previously convicted for possession with the intent to distribute. He was arrested in April 2014 and released on bail pending trial. While on bail, Mr. Harris allegedly continued distributing drugs. Also while on bail, a wiretap captured him coordinating with his co-conspirators regarding who would lead the DTG while Mr. Harris was in prison. When he was released only two years later, Mr. Harris resumed his position as leader of the DTG and continued to distribute illegal narcotics. Mr. Harris was arrested again in May 2018. He is currently housed at the Federal Detention Center in Philadelphia. He now moves for pretrial release.

### DISCUSSION

Mr. Harris argues that he should be released pending trial due to the COVID-19 pandemic. The Court will first consider whether pretrial detention is appropriate under 18 U.S.C. § 3142,[1]

---

[1] Mr. Harris's brief advances only constitutional arguments. However, in the interest of justice, the Court will also consider whether his medical condition entitles him to relief under 18 U.S.C. § 3142(i).

1

and then will consider whether such detention constitutes cruel punishment in violation of the United States and Pennsylvania Constitutions.

## I. Whether Pretrial Detention is Warranted Under 18 U.S.C. § 3142

The Court makes a *de novo* determination of whether Mr. Harris is eligible for bail and, if so, whether he should be subject to any pretrial conditions of release. *See, e.g., United States v. Evans*, No. 15-423, 2015 WL 6750769, at *1 (E.D. Pa. Nov. 4, 2015). Eligibility for bail is governed by the Bail Reform Act. 18 U.S.C. §§ 3142 *et seq.* Courts must release a defendant "on personal recognizance" or subject to reasonable conditions, unless the Court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* §§ 3142(e), (f). However where, as here, there is "probable cause to believe that the [defendant] committed" an offense proscribed in the Controlled Substances Act eligible for "a maximum term of imprisonment of ten years or more," a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

Mr. Harris does not try to rebut this presumption. Rather, his only argument as to why he is entitled to emergency relief is that his asthma makes him more susceptible to dangers from the COVID-19 virus. "A defendant bears the burden of establishing a 'compelling reason' warranting temporary release under § 3142(i)." *United States v. Frazer*, No. CR 19-110, 2020 WL 2404893, at *3 (E.D. Pa. May 12, 2020). In making this determination, "a court must 'balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention.'" *Id.* (quoting *United States v. Gumora*, No. 20-CR-144 (VSB), 2020 WL 1862361, at *5 (S.D.N.Y. Apr. 14, 2020)). Because Mr. Harris does not attempt to rebut the presumption

that he is a flight risk and would pose a danger to the community, the Court assumes that these factors weigh against him.[2]

Mr. Harris's brief argues that detention puts all defendants in "mortal danger of contracting and spreading an infectious disease." Def. Br. at 9. But "[m]otions for temporary release under § 3142(i) cannot be based on 'generalized COVID-19 fears and speculation.'" *Id.* (quoting *United States v. Washington*, No. 3:20-CR-00047, 2020 WL 2112343, at *5 (M.D. Pa. May 4, 2020)). Rather, a defendant must make an "'individualized and specific showing of a compelling reason[]' for release." *United States v. Golden*, No. CR 19-00545, 2021 WL 51459, at *4 (E.D. Pa. Jan. 6, 2021) (quoting *United States v. Brown*, No. 19-259, 2020 WL 2036715, at *4 (M.D. Pa. Apr. 28, 2020)). "[C]ourts have used this provision sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *Id.* (quoting *United States v. Hajiev*, 460 F. Supp. 3d 553, 555 (E.D. Pa. 2020)).

Mr. Harris's asthma condition does not meet this high bar. His medical records describe his asthma as mild. In May 2019, he told FDC medical staff that he only uses the inhaler when he "works out too much," and does not experience nighttime symptoms of asthma. Mr. Harris has not shown that his asthma meets the clinical definition of "moderate to severe."[3] He estimated that he uses his inhaler about one time per week. Aside from his mild asthma, Mr. Harris is reportedly healthy and fully ambulatory. Courts have regularly rejected motions for pretrial

---

[2] Even absent the presumption called for by § 3142(e)(3)(A), the Government has demonstrated that Mr. Harris is a danger to the community. The DTG that Mr. Harris led was responsible for multiple heroin overdose deaths, including as stated above one directly tied to heroin that Mr. Harris himself distributed.

[3] The United States Department of Health and Human Services describes asthma as "moderate persistent" when any of the following are true: symptoms occur daily; symptoms limit normal activity; symptoms at night occur once a week; and lung function tests are abnormal. Department of Health and Human Services, *Asthma Care Quick Reference: Diagnosing and Managing Asthma* (Sept. 2012), available at https://www.nhlbi.nih.gov/sites/default/files/media/docs/12-5075.pdf (last visited Feb. 8, 2021).

3

release based on similar facts. *See, e.g., United States v. Towel*, No. CR 17-519-6, 2020 WL 2992528, at *4 (E.D. Pa. June 4, 2020) ("[E]ven when considering the COVID-19 pandemic, [defendant's] mild, exercise-induced asthma does not present extraordinary and compelling reasons for his release."). The Court will therefore deny Mr. Harris's motion for pretrial release.

## II. Whether Pretrial Detention is Unconstitutional "Cruel" Punishment

The bulk of Mr. Harris's brief argues that his detention during the COVID-19 pandemic violates the Eighth Amendment of the United States Constitution, and article I, section 13 of the Pennsylvania Constitution.

The Third Circuit Court of Appeals recently considered and rejected a claim that detention during the COVID-19 pandemic violated the Eighth Amendment. As the appellate court noted, detention during a pandemic is unconstitutional only if the "conditions of confinement are meant to punish" rather than "an incident of some other legitimate governmental purpose." *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 326 (3d Cir. 2020). Here, as in *Hope*, Mr. Harris has not shown that the conditions he is subjected to are "intended to harm [him]." *Id.* at 328. Absent such a showing, Mr. Harris's constitutional arguments fail.

### CONCLUSION

Because Mr. Harris has not shown that he is entitled to extraordinary relief under 18 U.S.C. § 3142(i), or that his detention is unconstitutional cruel punishment, his motion is denied. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE